# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LAW, | ) | CASE NO. 1:16cv3079 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| MARY POTTER, Warden | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |

This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation pursuant to Local Rule 72.2(b)(2). Before the Court is the Petition of Robert Law ("Law" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Law is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case *State v. Law*, Medina County Court of Common Pleas Case No. 13CR0201.

Before the Court is Respondent Mary Potter's Motion to Dismiss the Petition as Time-Barred. (Doc No. 8.) For the reasons that follow, it is recommended that Respondent's Motion be GRANTED and the Petition be DISMISSED as time-barred.

## I. Procedural History

### A.    Trial Court Proceedings

In April 2013, a Medina County Grand Jury charged Law with three counts of Rape with the victim being less than thirteen years of age, in violation of Ohio Rev. Code ("O.R.C.") § 2907.02(A)(1)(b) (Counts One through Three); one count of Complicity to Commit Rape with the victim being less than thirteen years of age, in violation of O.R.C. § 2923.03(A)(2) and §

2907.02(A)(1)(b) (Count Four); and one count of Gross Sexual Imposition ("GSI") in violation of O.R.C. § 2907.05(A)(4) with the specification that the victim suffered physical harm during the commission of the offense pursuant to O.R.C. § 2941.14.3 (Count Five). (Doc. No. 8-1, Exh. 1.) The three Rape counts charged that the offenses occurred between June and August 1994 (Count One), June and August 1996 (Count Two), and June and August 1997 (Count Three). (*Id.*) The Complicity to Commit Rape count (Count Four) alleged conduct occurring between June and August 1997, while the GSI count alleged conduct occurring between June and August 1989. (*Id.*) Law pled not guilty. (Doc. No. 8-1, Exh. 2.)

On April 30, 2013, Law filed a Motion for a Geriatric Assessment "due to his age and infirmity." (Doc. No. 8-1, Exh. 3.) The state trial court granted Law's motion. (Doc. No. 8-1, Exh. 4.) On October 22, 2013, the state trial court issued a Judgment Entry indicating as follows: "Dr. Satinerpal Sandhu of Summa Health Systems has determined that the defendant is competent to stand trial. Defense counsel and the State of Ohio stipulated to the authenticity and admissibility of the report." (Doc. No. 8-1, Exh. 5.)

On November 27, 2013, the state trial court conducted a change of plea hearing. (Doc. No. 8-1, Exh. 6.) At that time, the State moved to amend the indictment by dismissing Counts One, Three, and Four and amending Count Two to delete reference to the age of the victim, conditioned upon Law entering a plea of guilty to the indictment as amended. (*Id.*) The state trial court conditionally granted the State's motion, at which time Law entered a plea of guilty to the amended indictment; i.e. one count of Rape (Count Two), as amended to delete reference to the age of the victim, and one count of GSI (Count Five) with a physical harm specification.

(*Id*.)  The trial court then unconditionally granted the State's motion, accepted Law's plea, and found him guilty.  (*Id*.)

On February 5, 2014, the trial court conducted a sentencing hearing, at which time Law was sentenced to consecutive prison terms of 10 years for Rape (Count Two) and 4 to 10 years for Gross Sexual Imposition (Count Five).  (Doc. No. 8-1, Exh. 7.)  The court further determined Law was a Tier III Sexually Oriented Offender and subject to five years mandatory post-release control.  (*Id*.)  The trial court's Judgment Entry of Sentence was journalized on February 11, 2014.  (*Id*.)

Law did not file a direct appeal.

**B.      Post-Conviction Motion**

On June 29, 2015, Law filed a *pro se* motion in the state trial court captioned "Limitation of Sentence 2901.13(A)(1)(a), Period of Sentence, Evidence Review" and "Sentence Contrary to Law."  (Doc. No. 8-1, Exh. 8.)  The trial court characterized Law's motion as follows:

> While the motion is not well-organized and many of the arguments are difficult to discern, it appears Law's primary arguments are that the statute of limitations had expired, there was insufficient evidence in the case, and his sentence was contrary to law.  While not captioned as such, Law's motion is essentially a motion to vacate his sentence.

(Doc. No. 8-1, Exh. 9.)

On July 1, 2015, the trial court denied Law's motion.  (*Id*.)  The court first found "the arguments raised in the motion could have been raised on appeal" and "*res judicata* applies and Law's sentence in this matter is not void or contrary to law."  (*Id*.)  The trial court then rejected Law's statute of limitations arguments on the merits and, further, found "Law pleaded guilty to the offenses and waived any arguments with respect to statute of limitations."  (*Id*.)  Finally, the

trial court noted that, even if construed as a petition for post-conviction relief, Law's motion was "untimely by almost a year" and "no exceptions warranting an extension of the 180 time frame exist." (*Id.*)

On October 19, 2015, Law, proceeding *pro se*, filed a notice of appeal in the Ninth District Court of Appeals of Ohio ("state appellate court"). (Doc. No. 8-1, Exh. 10.) The State filed a Motion to Dismiss Appeal and Strike Brief of Appellant on October 23, 2015. (Doc. No. 8-1, Exh. 11.)

On November 25, 2015, the state appellate court dismissed Law's appeal as untimely, explaining as follows:

> Under App. R. 4(A), a notice of appeal must be filed within 30 days of the order appealed. If a notice of appeal is not filed in accordance with App. R. 4(A), this court does not have jurisdiction to consider the appeal. *See Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995), syllabus.
>
> Here, according to appellant, he is attempting to appeal the trial court's July 1, 2015, order. Appellant, however, did not file his notice of appeal within 30 days of that decision. Because the notice of appeal was not filed in accordance with App. R. 4(A), this court is without jurisdiction to consider the attempted appeal.
>
> The attempted appeal is dismissed. Costs are taxed to appellant.

(Doc. No. 8-1, Exh. 12.)

On December 14, 2015, Law filed a motion for reconsideration. (Doc. No. 8-1, Exh. 13.) The state appellate court denied the motion as untimely. (Doc. No. 8-1, Exh. 14.) Law then filed another motion for reconsideration on January 14, 2016, which was denied by the state appellate court on February 5, 2016. (Doc. No. 8-1, Exhs. 15, 16.)

**C.     Motion for Delayed Appeal**

On May 20, 2016, Law filed a *pro se* notice of appeal from the state appellate court's

November 25, 2015 Order, as well as a motion for delayed appeal, in the Supreme Court of

Ohio. (Doc. No. 8-1, Exhs. 17, 18.) On July 27, 2016, Law's motion for delayed appeal was

denied. (Doc. No. 8-1, Exh. 19.)

**D.      Federal Habeas Petition**

On December 6, 2016,[1] Law filed a *pro se* Petition for Writ of Habeas Corpus and

asserted the following grounds for relief:

> **GROUND ONE**: Evidence Statue 2317.36 Admissible reports; 2317.37 cross
> examination by adverse party; 2317.38 Notice of Intention to offer report;
> 2317.39 Report of investigations conducted by court made available to all parties;
> 2317.40 Records as evidence; 2317.41 Photographic copes of records admissible
> in evidence; 2317.42 Reports or certified copies to be admitted; 2317.421
> Personal injury or wrongful death action; 2317.422 Qualification of adult care
> facilities records; 23317.48 Action for discovery; 2317.52 Cross-examination of
> agents; 2317.54 Consent to Hypnosis requirements.

> <u>**Supporting Facts**</u>: Victim claims from hypnosis procedures a memory of the face
> of the petitioner is cause for identification from event as hypnosis by person
> unknown and not known to the registered as an expert witness with the court for
> memory recall. Procedure is given in quirks of information without any
> procedural guidelines for memory recall consultation of other Hypnosis experts;
> expert witness of memory recall; substantiated facts of evidence by support of
> other colleagues; documentations; or facts to support the victim identification
> technique.

> **GROUND TWO**: Hypnosis 949 N.E.2d 567 HN2;HN3;HN4; 2008 Ohio 4029
> HN1HN2;HN3;HN4; 987 N.E.2d 652 HN3; 489 N.E.2d 284 Case Summary:
> Procedural Posture Overview 1993 Ohio App. Lexis 4422 HN1;HN2;HN6;HN7.

---

[1] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner
delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the
Petition herein did not arrive at the Court for filing until December 27, 2016, Law states
he placed it in the prison mailing system on December 6, 2016. (Doc. No. 1 at 12) Thus,
the Court will consider the Petition as filed on December 6, 2016.

**Supporting Facts**: Hypnosis by the Office of the Prosecution is not known to be evidence and the expert whom applied the use of the Hypnosis is not known or published. The victim clamed to only remember Mr. Law as a person whom the victim had seen. He definitely stated he know not an attacker or another person form the time of the memory lost. He informed his cousin the e-mail conversations were of a memory after hypnosis not associated with the crime Mr. Law was charged with. He gave no description in the papers Effective Counsel failed to submit to the court of habits, clothes, shoes, voice, mannerism to state he knew Mr. Law. The Office of the Prosecution paints a picture of knowledge of but evidence of the victim statements, "I recall Mr. Law "I find strange as I do know him! The statements of the hypnosis are not sufficient or are a weight to state it is evidence as the victim said I offer no evidence other than memory of Mr. Law reasons are unknown. The facts are the words of the victim to his cousin in e-mails effective counsel of the Petitioner did not submit and is now deceased.

**GROUND THREE**: Effective Assistance of Counsel 804 N.E.2d 1
HN1;HN2;HN3; 1998 Ohio App. LEXIS 3968 HN4; 2012 Ohio 2758
HN2;HN3;HN5

**Supporting Facts**: Counsel in the performance of the office of the public defender gave license that counsel would win the case for $30,000.00 dollars with lack of evidence as the victim did not identify the Petitioner or the office of the Prosecution offer evidence to determine guilt by the word of the victim to the Office of the Prosecution by determining the victim was in the state of injury from the identity of Mr. Law by so call recall of the surroundings or the familiar faces. He knew of Mr. Law and effective counsel in discourse with the office of the prosecution shared in the discourse between learned officers of the court there was no evidence for trial and refuse to motion for vacation by lack of evidence when by the expertise of he and the office of the prosecution interview and investigations no evidence existed for trial, grand jury, trial of the Court of Common Pleas, Jury and sentencing of the Petitioner. The leaning towards some solution of settlement by the officers is not known as the officers simply stated I know of Mr. Law and for reasons unknown remember him. I don't remember Mr. Law attacking me. In his e-mails that the office of the prosecution and effective counsel discussed, the victim recites the memory was after hypnosis to help the victim to attempt to recall his past life. Memory of the Petitioner had no adverse effect upon the victim to the knowledge of the victim.

**GROUND FOUR**: Duration of Nineteen years with knowledge of Petitioners residence in Ohio. Medina, Ohio as a home owner and with no arrest and known commonly as Mr. Law. Subcontractor Mfg Agent 1. The Police had Nineteen years to investigate and question the Petitioner of any events associated with the victim but no evidence nor cause was known to indicate criminal actions by Mr. Law. Victim exchanged in, "e – mail letters with his cousin that he had recall of

Mr. Law, "victim did not recall or state memory of being assaulted by Mr. Law 96CA0064; 972 N.D.2d 517;

**Supporting Facts**: Petitioner for Nineteen years was available and known to the public from the business of being a professional Mfg. Agent Re The victim in his e-mails to his cousin ascertain a memory of the Mr. Law but didn't determine why he remembered Mr. Law and that Mr. Law had attacked him. He definitely allowed effective counsel know he was not attacked by Mr. Law. As the court in proceedings had no evidence other than the Office of the Prosecution attempting to give a statement by coercing the victim to state Mr. Law rape him or attack him. Effective Counsel knew that for the eighteen year period the hypnosis had not effectively identified a assailant upon the victim or victim knew why the victim was without memory. The lack of identification of an assailant is for nineteen yeas unknown with no known assailant to date. Mr. Law was identified as a person I remembered only.

(Doc. No. 1.)

Respondent filed a Motion to Dismiss the Petition as Time-Barred on March 6, 2017.

(Doc. No. 8.) Law did not file a Brief in Opposition or otherwise respond.

### III. Law and Argument

**A.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year limitations period in a habeas action brought by a person in custody pursuant to the judgment of a State court. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**B.      One-Year Limitation**

Pursuant to § 2244(d)(1)(A), the AEDPA's one year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Law's sentence was journalized by the state trial court on February 11, 2014. (Doc. No. 8-1, Exh. 7.) Law then had thirty (30) days to appeal to the state appellate court pursuant to Ohio App. R. 4(A), but failed to do so. Based on this sequence of events, Respondent argues Law's conviction and sentence became "final" for purposes of § 2244(d)(1)(A) on March 13, 2014, thirty (30) days after Law was sentenced and the time to file a timely notice of appeal with the state appellate court expired. (Doc. No. 8 at 8.)

Law does not challenge Respondent's assertion that § 2244(d)(1)(A) is the applicable provision or that his Petition is untimely thereunder. Based on its own review of the record, the Court agrees Law's conviction and sentence became "final" for purposes of § 2244(d)(1)(A) on March 13, 2014, thirty (30) days after Law was sentenced and the time to file a timely notice of appeal with the state appellate court expired. Accordingly, the Court further finds the limitations period commenced on March 14, 2014 and, absent tolling, expired one year later on March 14, 2015.

However, as Respondent correctly notes, the AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191, 126 S.Ct. 846, 163

8

L.Ed.2d 684 (2006); *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id*.

Only "properly filed" applications for post-conviction relief or collateral review toll the statute of limitations, and "a state post-conviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 169 L.Ed.2d 329 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905 at *2 (S.D. Ohio Jan. 8, 2009). A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

A review of the record shows Law made no filings between February 11, 2014 (the date the state trial court sentencing entry was journalized) and March 14, 2015 (the date the AEDPA statute of limitations expired.)  Law did, however, file (1)a *pro se* post-conviction motion captioned "Limitation of Sentence 2901.13(A)(1)(a), Period of Sentence, Evidence Review " and "Sentence Contrary to Law" in the state trial court, on June 29, 2015; (2) a notice of appeal to the state appellate court, on October 29, 2015; (3) two motions for reconsideration in the state appellate court, on December 14, 2015 and January 14, 2016; and (4) a notice of appeal and motion for leave to file a delayed appeal in the Ohio Supreme Court, on May 20, 2016.   (Doc. No. 8-1, Exhs. 8, 10, 13, 15, 17-18.)  However, as noted above, state collateral review proceedings can no longer serve to avoid the statute of limitations bar once the limitations period is expired.  *See Vroman*, 346 F.3d at 602.  Because Law's *pro se* post-conviction motions and notices of appeal were all filed well after the statutory limitations period expired, they did not have any further tolling effect.

As the statutory limitations period expired on March 14, 2015 and Law did not file his habeas petition until December 6, 2016, the Court finds the Petition is over a year and a half late and is untimely under § 2244(d)(1)(A).  Therefore, unless equitable tolling is appropriate, Law's Petition should be dismissed as time-barred.[2]

---

[2] Law does not argue that the limitations period should commence at a later date for any of the reasons set forth in §§ 2244(d)(1)(B)-(D).  Moreover, the Court cannot discern anything on the face of the Petition suggesting a later start date would be appropriate under any of these provisions. While Law's grounds for relief are difficult to discern, he appears to argue the State improperly relied on evidence derived from hypnosis of the victim.  In addition, the Petition appears to assert sufficiency of the evidence and ineffective assistance of counsel claims (based principally on the State's alleged use of evidence derived from hypnosis), as well as a statute of limitations claim.  Law does not assert, however, that he failed to become aware of the factual predicate of these claims subsequent to his sentencing.  Nor is there any indication of a state created impediment,

## C.     Equitable Tolling

Although the Petition herein is untimely, the AEDPA statute of limitations period is also subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010).  Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010).  *See also Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011).  However, the equitable tolling doctrine is granted by courts only "sparingly."  *See Robertson*, 624 F.3d at 784.  Moreover, "although 'the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run,' the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling."  *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir.2011)(quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

In order to be entitled to equitable tolling, a habeas petitioner must establish that (1) he has been pursuing his rights diligently; and, (2) some extraordinary circumstance stood in his way and prevented timely filing.  *Holland,* 130 S.Ct. at 2565.  *See also Hall*, 662 F.3d at 749; *Griffin*, 308 F.3d at 653.  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum diligence."  *Holland*, 130 S.Ct. at 2565.  That being said, the Sixth Circuit has held that excessive delays in filing lack appropriate diligence.  *See e.g. Keeling v. Warden*, 673 F.3d 452, 463–64 (6th Cir. 2012); *Vroman*, 346 F.3d at 605 (stating that a court should be "much less forgiving ... where the claimant failed to exercise due diligence in

---

or a newly recognized constitutional right, relating to any of these issues.

preserving his legal rights"); *Henson v. Warden, London Correctional Inst.*, 620 Fed. Appx. 417, 419 (6ᵗʰ Cir. 2015).

Here, Law has not argued he is entitled to equitable tolling. He offers no explanation for his failure to timely appeal his sentencing entry in state trial court, nor does he articulate any reason why he waited nearly sixteen (16) months after sentencing to pursue post-conviction relief. Moreover, there is nothing on the face of the Petition that would suggest any basis for Law's failure to either file a timely direct appeal or diligently pursue post-conviction remedies. Thus, the Court finds Law has failed to demonstrate he has been reasonably diligent in pursuing his rights. *See e.g., Vroman*, 346 F.3d at 605 (finding petitioner's decision to proceed solely to the Ohio Supreme Court rather than filing his federal habeas petition and protecting his federal constitutional rights shows a lack of diligence); *Robinson*, 424 Fed. App'x at 442 ("[t]his Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half, and we decline to do so here"); *Dudley v. Clipper*, 2014 WL 6896080 at * 8-9 (N.D. Ohio Dec. 8, 2014).

The Court also rejects any suggestion that Law's *pro se* status and/or ignorance of the law constitute "extraordinary circumstances" warranting equitable tolling. The Sixth Circuit has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). *See Allen v. Yukins*, 366 F.3d 396, 403 (6ᵗʰ Cir. 2004); *Allen v. Bell*, 250 Fed. Appx. 713, 716 (6ᵗʰ Cir. 2007); *Taylor v. Palmer*, 623 Fed. Appx. 783, 789 (6ᵗʰ Cir. 2015). *See also Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005) ("[w]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls

for promptness"); *Patrick v. Bunting*, 2015 WL 10488878 at * 9 (N.D. Ohio Dec. 29, 2015).

Moreover, courts within this Circuit have expressly found a petitioner's *pro se* status, lack of legal training, poor education, and/or limited law-library access, standing alone, are similarly insufficient. *See e.g., Hall*, 662 F.3d at 751 (petitioner's *pro se* status, limited law-library access and lack of access to trial transcript were not sufficient to warrant equitable tolling); *Keeling*, 673 F.3d at 464 ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing"); *Burden v. Bunting*, 2016 WL 5417834 at * 6 (N.D. Ohio July 15, 2016) ("Courts have uniformly held that neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling"); *Johnson v. LaRose*, 2016 WL 5462635 at * 10 (N.D. Ohio July 8, 2016) ("A petitioner's *pro se* status and his unawareness of the law provide no basis for equitable tolling"). Accordingly, and under the circumstances presented, the Court finds Law has failed to demonstrate his *pro se* status, limited education, and/or lack of legal training constitute extraordinary circumstances justifying equitable tolling.

In sum, because Law failed to exercise his rights diligently and no extraordinary circumstance prevented him from filing the instant Petition, the Court finds equitable tolling is not warranted in this case.

**E.  Actual Innocence**

In *McQuiggin v. Perkins*, ⸺ U.S. ⸺, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court held that actual innocence, if proven, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual

innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1).  *Id*. at 1931.

For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare" and "'[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).  In making this assessment, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence."  *Id*. (quoting *Schlup*, 513 U.S. at 332).

Here, Law does not identify any new, reliable evidence of his actual innocence. Accordingly, and for all the reasons set forth above, the Court finds Law has not demonstrated he is entitled to the actual innocence exception.

### III. Conclusion

For the foregoing reasons, it is recommended the Court find that the instant Petition is time-barred under § 2244(d)(1).  It is further recommended Respondent's motion to dismiss (Doc. No. 8) be GRANTED and the Petition be DISMISSED.

 *s/ Jonathan D. Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

Date: September 20, 2017

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).