UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| ROBERT LAW, | : | CASE NO. 1:16-cv-3079 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 8] |
| MARY POTTER, WARDEN, | : | |
| Respondent. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Robert Law seeks habeas corpus relief under 28 U.S.C. § 2254 from his consecutive sentences for rape and gross sexual imposition. Magistrate Judge Jonathan Greenberg recommends dismissing Petitioner's § 2254 habeas petition as time-barred.[1] Petitioner objects.[2]

For the following reasons, this Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Greenberg's Report and Recommendation, and **DISMISSES** Petitioner's § 2254 petition.

## I. BACKGROUND

On November 27, 2013, Law pled guilty to rape and gross sexual imposition.[3] On February 5, 2014, the state court sentenced Law to consecutive prison terms of ten years for rape and four to ten years for gross sexual imposition.[4] The state court also determined that Law was a Tier III Sexually Oriented Offender and was subject to five years mandatory post-release control.[5] The state court journalized Law's sentence on February 11, 2014.[6]

---

[1] Doc. 9.
[2] Doc. 10.
[3] Doc. 8-1, Ex. 6.
[4] *Id.*, Ex. 7.
[5] *Id.*
[6] *Id.*

Case No. 1:16-cv-3079
Gwin, J.

Law did not appeal his sentence to the state appellate court.

On June 29, 2015, Law filed a *pro se* motion in the state trial court captioned "Limitation of Sentence 2901.13(A)(1)(a), Period of Sentence, Evidence Review" and "Sentence Contrary to Law."[7] With this motion, Petitioner seemingly argued that his offenses' statute of limitations had expired; there was insufficient evidence in his case; and his sentence was contrary to law.[8] The state trial court treated the motion as a motion to vacate Law's sentence.[9] On July 1, 2015, the state trial court found that the statute of limitations had not expired for his offenses.[10] The state trial court also denied the motion as untimely.[11]

On October 19, 2015, Law filed a *pro se* notice of appeal in the state appellate court.[12] On November 25, 2015, the state appellate court dismissed Law's appeal as untimely.[13] On both December 14, 2015 and January 4, 2016, Law filed a motion for reconsideration.[14] The state appellate court denied both those motions as untimely.[15]

On May 20, 2016, Law filed a *pro se* notice of appeal of the state appellate court's November 25, 2015 order and a motion for delayed appeal in the Ohio Supreme Court.[16] The Ohio Supreme Court denied the motion for delayed appeal on July 27, 2016.[17]

---

[7] *Id.*, Ex. 8.
[8] *Id.*, Ex. 9.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*, Ex. 10.
[13] *Id.*, Ex. 12.
[14] *Id.*, Exs. 13, 15.
[15] *Id.*, Exs. 14, 16.
[16] *Id.*, Exs. 17, 18.
[17] *Id.*, Ex. 19.

Case No. 1:16-cv-3079
Gwin, J.

Law filed his § 2254 habeas petition with this Court on December 6, 2016 asserting four grounds of relief.[18] On March 6, 2017, Respondent filed a motion to dismiss, arguing that Law's petition was time-barred.[19] Law did not file an opposition, or otherwise respond.

On September 20, 2017, Magistrate Judge Greenberg issued a Report and Recommendation.[20] The Report and Recommendation recommends that the Court dismiss Law's § 2254 habeas petition as time-barred.[21] The Report and Recommendation also finds that Petitioner is not entitled to tolling because of properly filed applications for post-conviction or collateral proceedings, equity, or actual innocence.[22]

On October 10, 2017, Petitioner objected to the Report and Recommendation.[23] Petitioner seems to argue that the statute of limitations for his crimes had expired; there was insufficient evidence to secure his conviction; and his sentence was contrary to law.[24]

## II. LEGAL STANDARD

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties have properly objected.[25] A district court may adopt without review parts of the Report and Recommendation to which no party has objected.[26]

The Antiterrorism and Effective Death Penalty Act of 1996 controls habeas review of state court proceedings.[27] A petitioner seeking relief under § 2254 must file his petition within one year

---

[18] Doc. 1. Law filed his petition on December 6, 2016 since he states he placed it in the prison mailing system on that day (*id.* at 12). *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (finding filing date for a *pro se* petition is the date a petitioner delivers it to prison authorities).
[19] Doc. 8.
[20] Doc. 9.
[21] *Id.*
[22] *Id.*
[23] Doc. 10.
[24] *Id.*
[25] 28 U.S.C. § 636(b)(1).
[26] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[27] 28 U.S.C. § 2241 *et seq.*

Case No. 1:16-cv-3079
Gwin, J.

of the date on which his state court conviction became final, subject to tolling.[28] The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."[29]

There are several ways a limitations period can be tolled.

The limitations period is tolled while "properly filed" applications for state post-conviction or collateral proceedings are pending.[30]

The limitations period can also be tolled through equity.[31] In order to be entitled to equitable tolling, a habeas petitioner bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing.[32]

Finally, a petitioner's claim of actual innocence can also overcome the one-year statute of limitations.[33]

### III. ANALYSIS

**A. Statute of Limitations**

Law's December 6, 2016 § 2254 petition is untimely.

The state court journalized Law's sentence on February 11, 2014. Law had until March 13, 2014, thirty days after his sentence was final, to timely file an appeal to the state appellate court.[34] Law failed to do so.

Therefore, Law's conviction and sentence became "final" for purposes of AEDPA's statute of limitations on March 14, 2014, when the time for direct review expired.

---

[28] *Carey v. Saffold*, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).
[29] 28 U.S.C. § 2244(d)(1)(A).
[30] 28 U.S.C. § 2244(d)(2); *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005).
[31] *See Holland v. Florida*, 560 U.S. 631, 650 (2010).
[32] *Id.* at 649.
[33] *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013).
[34] *See* Ohio App. R. 4(A).

Case No. 1:16-cv-3079
Gwin, J.

Under AEDPA, Law had until March 14, 2015 to file his habeas petition. Because Law filed his petition on December 6, 2016, his petition is time-barred unless tolling applies.

**B. Tolling**

Law is not entitled to the tolling of the statute of limitations in this case.

### 1. "Properly Filed" Applications for State Post-Conviction or Collateral Proceedings

The tolling provision of 28 U.S.C. § 2244(d)(2) does not revive a one-year AEDPA statute of limitations period that has already run.[35]

Law did not file any post-conviction applications or collateral petitions before March 14, 2015, when Law's AEDPA's statute of limitations expired. Therefore, there are no "properly filed" state post-conviction applications or collateral petitions to toll the statute of limitations.

### 2. Equitable Tolling

Law makes no argument regarding equitable tolling. He provides no explanation why he filed for post-conviction relief sixteen months after his sentence.

As the Report and Recommendation states, there is nothing on the face of Law's petition that suggests that he was pursuing his rights diligently or that some extraordinary circumstance prevented timely filing.[36] Moreover, Law's *pro se* status or ignorance of the law does not constitute "extraordinary circumstances" that warrants equitable tolling.[37]

Therefore, the Court does not equitably toll the statute of limitations here.

### 3. Actual Innocence

Petitioner's actual innocence arguments also lose and do not toll the statute of limitations.

---

[35] *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).
[36] Doc. 9 at 12.
[37] *Johnson v. United States*, 544 U.S. 295, 311 (2005); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012).

Case No. 1:16-cv-3079
Gwin, J.

"A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'"[38] "The evidence must demonstrate factual innocence, not mere legal insufficiency."[39]

As the Report and Recommendation notes, Law does not identify any new, reliable evidence of his actual innocence in his petition.[40]

In his objections, Petitioner seems to argue that hypnosis testimony from the victim was invalid evidence and does not establish his guilt or justify his sentence.[41] He also seems to argue that the statute of limitations for his offenses had expired.[42]

These objections, however, do not provide or relate to any new, reliable evidence of Law's actual innocence. In particular, Law does not present any exculpatory scientific evidence refuting any alleged hypnosis testimony from the victim.

Petitioner Law fails to make an actual innocence argument that tolls the limitations period.

## IV. CONCLUSION

For the reasons above, this Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Greenberg's Report and Recommendation, and **DISMISSES** Petitioner's § 2254 petition. The Court certifies that no basis exists upon which to issue a certificate of appealability.[43]

IT IS SO ORDERED

Dated: October 17, 2017          *s/ James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[38] *Patterson v. Lafler*, 455 F. App'x. 606, 609 (6th Cir. 2012) (internal citations omitted).
[39] *Id.*
[40] Doc. 9 at 14.
[41] Doc. 10 at 2.
[42] *Id.* at 1-2.
[43] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).